Samuel M. Gold, J.
Plaintiffs move for a temporary injunction restraining the institution of summary dispossession proceedings. Principally involved are those terms of the lease which provide: “ Notwithstanding anything herein to the contrary, the tenant shall have the privilege of assigning or subletting the entire premises herein ’ ’ and ‘ ‘ If any execution or attachment shall be issued against tenant or any of tenant’s property whereupon the demised premises shall be taken or occupied, or attempted to be occupied, by someone other than tenant * * * then, and in any of such events, landlord may, without notice, reenter the demised premises, either by force or otherwise, and dispossess tenant by summary proceedings or otherwise, and the legal representative of tenant or other occupant of demised premises, and remove their effects and hold the premises as if this lease had not been made, and tenant hereby waives the service of notice of intention to reenter or to institute legal proceedings to that end.”
There is no dispute concerning the basic lease and its provisions or their interpretation.
A three-day notice of termination has been given “ by reason of the fact that the tenant in possession, bayview stationers, inc., has suffered an execution to be issued against its property pursuant to an unsatisfied judgment and has suffered a sale of its business assets at premises 434 Pelham Road, Neiv Rochelle, New York, to be conducted, wherein all its rights in the said store premises were sold by the Marshal of the City of Mount Vernon, New York.”
The sole issue is whether, in the light of what has occurred during the various occupancies and in relation to the various assignments and subleases, the defendant’s notice of termination is valid and it therefore has a right to repossess and to a final order.
This action may not be used as a substitute for a summary dispossession proceeding. The motion is denied.